**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4092**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JUAN MEDINA VALENCIA, a/k/a Carlos Diaz-Rios,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:09-cr-00139-JAB-1)

Submitted: August 19, 2010          Decided: August 27, 2010

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Medina Valencia pled guilty, pursuant to a written plea agreement, to illegal reentry of a felon, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). He was sentenced to fifty-seven months' imprisonment. Valencia's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether Valencia's sentence is reasonable. Valencia was notified of his right to file a pro se supplemental brief but has not done so. The Government declined to file a response. Finding no reversible error, we affirm.

We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the chosen sentence. Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). We then consider the substantive reasonableness of the sentence imposed,

2

taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In this case, the district court correctly calculated the Guidelines range and heard argument from the counsel. Pursuant to our Anders review, we note the district court did not articulate its consideration of the § 3553(a) factors or give an individualized assessment for its chosen sentence. However, we conclude that any such omission did not affect Valencia's substantial rights. See United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010) (finding no plain error in district court's brief explanation of chosen sentence, given that defense counsel argued for a sentence within the Guidelines range and the defendant received such a sentence). Here, defense counsel advocated for a sentence at the low end of the advisory Guidelines range and Valencia received the lowest possible sentence within the Guidelines range. Furthermore, Valencia offers no grounds to rebut the appellate presumption of reasonableness afforded a within-Guidelines sentence. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Valencia.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

3

appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Valencia, in writing, of his right to petition the Supreme Court of the United States for further review. If Valencia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Valencia. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED